# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWARD G. LANGER
        Plaintiff,

    v.                                                  Case No. 04C0739

JOHN W. SNOW, as SECRETARY,
DEPARTMENT OF THE TREASURY,
        Defendant.

## DECISION AND ORDER

On August 2, 2004, plaintiff Edward G. Langer filed a complaint alleging that the Internal Revenue Service discriminated against him during the course of his employment as a lawyer with the agency. Plaintiff claims that personal service of the complaint was made on the United States Attorney's Office in Milwaukee on August 2, 2004 and that copies of the complaint were served upon appropriate representatives of defendant by registered mail, return receipt requested. On October 27, 2004, plaintiff moved for default judgment against the plaintiff. Default judgment is not proper in this case for two reasons.

After reviewing the record, I conclude that plaintiff failed to comply with Federal Rule of Civil Procedure 4. Rule 4 states that service upon the United States is effected by "delivering a copy of the summons and of the complaint" to the United States Attorney's Office for the district in which the action is brought and by sending a copy of the summons and complaint to the Attorney General and federal agency being sued via registered or certified mail. Fed. R. Civ. P. 4(i)(1). In this case, plaintiff has provided no indication that

he served a copy of the summons to the United States Attorney for the Eastern District of Wisconsin or to the Attorney General and federal agency being sued.

Moreover, default judgment is not warranted in this case because plaintiff has not made the evidentiary showing required by Federal Rule Civil Procedure 55(e). Rule 55(e) states that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Rule 55(e) reflects Congress' recognition "that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response." Marziliano v. Heckler, 728 F.2d 151, 157-58 (2d Cir. 1984). Plaintiff must provide more than the allegations in his complaint to establish that he is entitled to relief.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for default is **DENIED** (docket #6).

Dated at Milwaukee, Wisconsin, this 2 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge

2