UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EDWARD G. LANGER
       **Plaintiff,**
  v.                                                                                  Case No. 04-C-739

SECRETARY OF THE TREASURY,
       **Defendant.**

## DECISION AND ORDER

Pro se plaintiff Edward Langer brings this Title VII action alleging that his former employer, the Internal Revenue Service ("IRS"), unlawfully retaliated against him because he complained about workplace discrimination. Defendant now moves for summary judgment.

### I. FACTS

Plaintiff's submissions are somewhat rambling and disjointed, but I will attempt to untangle them. Plaintiff alleges that he worked for the IRS in Milwaukee from 1980 until 1999 when the agency discharged him for refusing to accept reassignment to Chicago. He alleges that in late September or early October of 1995, he told an unidentified person or persons in the United States Attorney's Office that he believed that the IRS Criminal Investigation Division was improperly targeting minorities for investigation and indictment. He alleges that at about the same time, he advised his superior, District Counsel Nelson Shafer, of his concerns and that he also told Shafer and other unidentified managers that a hostile environment for minorities and females existed in the Milwaukee IRS office. Plaintiff states that in January 1996, Schafer placed a confidential narrative in his file stating that his managerial skills were "good."

Plaintiff further alleges that at some unspecified time in 1996, he learned that an IRS agent brought a discrimination charge against the agency, and he advised unidentified

officials in the agency and unidentified members of Congress that he believed that the IRS had violated her rights.

Plaintiff also alleges that for the periods ending on September 30, 1996 and September 30, 1997, the IRS gave him lower performance evaluations than those that he had previously received and for the period ending on September 30, 1996 did not award him a $1,000 bonus as it previously had.

In July 1997, plaintiff made negative comments about IRS management during a lunch with a prospective employee. As a result, the agency suspended him for one day.

In 1997 and 1998, plaintiff had interpersonal problems with his superior, District Counsel Mark Miller. In March 1997, the IRS had chosen Miller to succeed Shafer as District Counsel. Plaintiff had applied for the position but was not selected. Miller placed several counseling memoranda in plaintiff's file. Near the end of 1998, the IRS concluded that plaintiff and Miller could no longer work together and decided to reassign plaintiff. The IRS gave plaintiff the opportunity to choose between St. Paul, Chicago and St. Louis, but he declined to choose any of these cities. Subsequently, the IRS advised plaintiff that it would transfer him to Chicago, effective March 1, 1999.

In December 1998, plaintiff was diagnosed with depression and went on sick leave. In the spring of 1999, his condition began to improve, and in April, he asked the IRS if he could work at home or at an office in Milwaukee away from Miller. The IRS denied his request because his duties were such that he could not perform all of his work outside the Chicago office.

In July 1999, plaintiff's psychiatrist cleared plaintiff for work, but he declined to report for work in Chicago, stating that he believed that the IRS was setting him up. In August 1999,

the IRS proposed terminating plaintiff for failing to report to work, and on September 20, 1999, the IRS terminated him.[1]

## II. DISCUSSION

### A. Applicable Legal Standards

I may grant a motion for summary judgment if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). I take the facts and the reasonable inferences therefrom in the light most favorable to the non-movant. Id. at 255.

Under Title VII, an employer retaliates when it takes an adverse employment action against an employee for opposing impermissible discrimination. 42 U.S.C. § 2000e-3(a). To prevail on a retaliation claim, a plaintiff must establish that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. Culver v. Gorman & Co., 416 F.3d 540, 545 (7th Cir. 2005). I may grant defendant's motion only if no reasonable jury could conclude that plaintiff established such elements. Sweeney v. West, 149 F.3d 550, 554 (7th Cir. 1998).

Title VII's anti-retaliation provision protects employees who oppose unlawful employment practices from "employer actions that would have been materially adverse to a reasonable employee or job applicant." Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2409 (2006). An adverse employment action is one that is "harmful to the point that

---

[1]Plaintiff moved to strike "Defendant's Response to Plaintiff's Additional Facts" on the ground that defendant had omitted certain citations. However, none of the omissions prejudiced plaintiff. Thus, I will deny the motion. See Winfrey v. City of Chicago, 259 F.3d 610, 618-19 (7th Cir. 2001) (stating that a court has discretion in deciding a motion to strike).

[it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id.

**B.    Analysis**

Plaintiff claims that the IRS retaliated against him by (1) giving him lower performance evaluations than he had previously received; (2) not paying him a $1,000 bonus during one review period; (3) placing counseling memoranda in his personnel file; (4) suspending him for one day ; and (5) reassigning and subsequently terminating him.  I address each in turn.

**1.    Performance Ratings**

Plaintiff first contends that the IRS retaliated against him because he complained about discrimination by giving him lower than usual performance ratings in 1996 and 1997. However, absent some "tangible job consequence," Grube v. Lau Indus., Inc., 357 F.3d 723 (7th Cir. 2001), negative performance evaluations generally do not constitute adverse employment actions.  Sweeney, 149 F.3d at 556-57.  This is so because a different rule would discourage employers from maintaining performance records and would hinder an employee from improving and prevent an employer from proving nondiscrimination. Id. at 557.

Even if such evaluations were adverse employment actions, plaintiff fails to show a causal link between his protected activity and the evaluations.  A causal link can be established by a "telling temporal sequence." Sweeney, 149 F.3d at 556 (citation omitted). In other words, an employee can establish a causal link if the employer's action "follows fairly soon after the employee's protected expression." Davidson v. Midelfort Clinic, Ltd., 133 F.3d 499, 511 (7th Cir. 1998).  The Seventh Circuit has found four months between an initial complaint of discrimination and disciplinary action too long to establish a causal link. See, e.g., Filipovic v. K&R Express Sys., Inc., 176 F.3d 390, 399 (7th Cir. 1999); Hughes v. Derwinski, 967 F.2d 1168, 1174 (7th Cir. 1992).  In September or October 1995, plaintiff

allegedly reported discrimination to the District Counsel and United States Attorney's Office, but the earliest of the evaluations that plaintiff points to did not come until late in 1996, over a year later. Plaintiff points to no other evidence suggesting that his complaints motivated the evaluation. Thus, plaintiff does not establish a causal link between the protected activity he allegedly engaged in during 1995 and the evaluations of which he complains.

In the complaint, plaintiff also alleges that at some unspecified time in 1996 he informed unidentified individuals in the agency and Congress that he believed that the IRS was engaging in discriminatory employment practices. However, in opposing summary judgment, plaintiff must "go beyond the pleadings" and designate specific facts to support his claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985). Plaintiff provides no evidence as to when in 1996 he reported discrimination, what specific discriminatory practices he reported or to whom he reported them. Thus, he fails to provide sufficient specific facts to establish a causal link between the alleged protected activity he engaged in in 1996 and the evaluations of which he complains.

Plaintiff notes that in January 1996, District Counsel Shafer placed a confidential narrative in his personnel file rating his managerial skills as "good." Plaintiff complains that this action was contrary to IRS policies and procedures but does not identify any such policies or procedures. Moreover, I cannot reasonably infer that a memorandum with a rating of "good" provided three months after protected activity was retaliatory.

### 2. Bonus

Next, plaintiff argues that the IRS's failure to pay him a $1,000 bonus in 1996 was retaliatory. Accepting that nonpayment of the bonus may constitute an adverse employment action, plaintiff fails to establish a causal link between his protected activity and the nonpayment. The IRS's decision not to pay plaintiff a bonus for 1996 was not made until late

in 1996, at least a year after the alleged protected activity took place. Plaintiff provides no facts that might suggest a link between protected activity and nonpayment of the bonus. Moreover, he presents no evidence that the Regional Counsel, who recommends bonuses, (see Pl.'s Aff. Ex. 9), knew that he engaged in protected activity. See Maaroof v. Walker Mfg. Co., 210 F.3d 750, 755 (7th Cir. 2000) (stating that there can be no causal link where the decision-maker did not know of the discrimination complaint). Thus, there is insufficient evidence in the record from which a reasonable jury could infer that plaintiff's non-receipt of a bonus was retaliatory.

### 3. Counseling Memos

Plaintiff also argues that Miller's placing counseling memos in his personnel file constituted an adverse employment action. However, counseling statements, like performance reviews, are generally not adverse employment actions. Sweeney, 148 F.3d at 557; see also Ribando v. United Airlines, Inc., 200 F.3d 507, 511 (7th Cir. 1999) ("Standing alone, a letter of concern or counseling . . . does not rise to the level of an adverse employment action."). Additionally, plaintiff is unable to establish a causal connection between protected activity and the counseling memos because the IRS issued them over a year and a half after he engaged in protected activity. Further, the protected activity occurred during Shafer's tenure, and he received no counseling memos until Miller became district counsel.

### 4. Suspension

Plaintiff next contends that his one day suspension was an adverse employment action. Because suspension is a disciplinary action that results in a loss of pay, I will consider plaintiff's one day suspension an adverse employment action. However, no reasonable jury could conclude that plaintiff's one day suspension for criticizing the agency while having lunch

with a prospective employee was retaliatory. This is so because plaintiff cannot establish that his comments constituted protected activity. As indicated, § 2000e-3(a) prohibits an employer from retaliating against an employee for opposing "an unlawful employment practice." Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc., 224 F.3d 701, 705 (7th Cir. 2001). Plaintiff presents no evidence that during the lunch he commented on any unlawful employment practices. Further, he made the comments to a prospective employee, rather than to a superior or to the EEOC. The purpose of the anti-retaliation provision is to encourage employees to report discrimination to someone who can remedy it without fear of reprisal.

### 5. The Reassignment and Termination

Finally, plaintiff argues that he was reassigned and terminated in retaliation for his protected activity. A reassignment that does not involve a change in an employee's grade and pay is usually not an adverse employment action. O'Neal v. City of Chicago, 392 F.2d 909, 911-13 (7th Cir. 2004) (stating that lateral transfers are generally insufficient to support Title VII actions). However, because plaintiff's transfer would have involved a move from a management to a non-management position, I will consider it an adverse employment action. Plaintiff's termination obviously constituted an adverse employment action.

With respect to his reassignment, plaintiff's retaliation claim fails because he does not establish a causal link between protected activity and the reassignment. The only specific protected activity that plaintiff engaged in occurred in 1995. Yet, the IRS did not transfer him until December 1998. Thus, the link between his complaints about discrimination and his transfer is too attenuated to be considered causal. See, e.g., Filipovic, 176 F.3d at 399; Sweeney, 149 F.3d at 556. Additionally, plaintiff presents no evidence that the officials who reassigned him even had knowledge of his earlier complaints.

Further, the record indicates that the IRS was justified in reassigning plaintiff. The evidence indicates that the IRS genuinely believed that the personality clash between plaintiff and Miller was adversely affecting the operation of the Milwaukee office. Thus, no reasonable jury could conclude that the IRS transferred plaintiff in retaliation for engaging in protected activity.

Plaintiff also challenges the legitimacy of the IRS' decision to terminate him. Such decisions must be made in order to promote the efficiency of the service. 5 U.S.C. § 7513(a). Certain types of misconduct, such as failing to show up for work, speak for themselves regarding their impact on the efficiency of the service. See Young v. Hampton, 568 F.2d 1253, 1257 (7th Cir. 1977). Terminating an employee who refuses to accept a legitimate reassignment promotes the efficiency of the agency. See Nalbandian v. Dep't. of Interior, 25 M.S.P.R. 691, 695 (1985). As stated, the IRS had good reason to transfer plaintiff and, accordingly, to terminate him for declining the transfer.[2] Finally, for the reasons stated in connection with the reassignment claim, plaintiff cannot establish the necessary causal link between his complaints and the termination.

### III. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED,** and this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to strike is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion to file supplemental authority is **GRANTED.**

---

[2]Defendant has moved to file supplemental authority. Plaintiff has not objected, thus, I will grant defendant's motion.

The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24 day of July, 2006.

/s_____
LYNN ADELMAN
U.S. District Judge